UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **BRENTEN PHILLIP SHANER**, | Civil Case No. 3:12-CV-02052-KI |
| Plaintiff, | |
| | OPINION AND ORDER |
| v. | |
| **CAROLYN W. COLVIN**, Acting Commissioner of Social Security, | |
| Defendant. | |

    Kathryn Tassinari
    Robert Baron
    Harder, Wells, Baron & Manning, P.C.
    474 Willamette, Suite 200
    Eugene, Oregon  97401

        Attorneys for Plaintiff

    S. Amanda Marshall
    United States Attorney
    District of Oregon

Page 1 - OPINION AND ORDER

Adrian L. Brown
Assistant United States Attorney
1000 S. W. Third Avenue, Suite 600
Portland, Oregon  97201-2902

Daphne Banay
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington  98104-7075

       Attorneys for Defendant

KING, Judge:

Plaintiff Brenten Phillip Shaner brings this action pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner denying plaintiff's application for disability insurance benefits ("DIB").  I reverse the decision of the Commissioner and remand for further proceedings.

## DISABILITY ANALYSIS

The Social Security Act (the "Act") provides for payment of disability insurance benefits to people who have contributed to the Social Security program and who suffer from a physical or mental disability. 42 U.S.C. § 423(a)(1).  In addition, under the Act, supplemental security income benefits may be available to individuals who are age 65 or over, blind, or disabled, but who do not have insured status under the Act.  42 U.S.C. § 1382(a).

The claimant must demonstrate an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to cause death or to last for a continuous period of at least twelve months.  42 U.S.C.

§§ 423(d)(1)(A), 1382c(a)(3)(A). An individual will be determined to be disabled only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for either DIB or SSI due to disability. The evaluation is carried out by the Administrative Law Judge ("ALJ"). The claimant has the burden of proof on the first four steps. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007); 20 C.F.R. §§ 404.1520 and 416.920. First, the ALJ determines whether the claimant is engaged in "substantial gainful activity." If the claimant is engaged in such activity, disability benefits are denied. Otherwise, the ALJ proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied.

If the impairment is severe, the ALJ proceeds to the third step to determine whether the impairment is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is presumed to be disabling, the ALJ proceeds to the fourth step to determine whether the impairment prevents the

Page 3 - OPINION AND ORDER

claimant from performing work which the claimant performed in the past. If the claimant is able to perform work she performed in the past, the ALJ makes a finding of "not disabled" and disability benefits are denied. 20 C.F.R. §§ 404.1520(e), 416.920(e).

If the claimant is unable to perform work performed in the past, the ALJ proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his age, education, and work experience. The burden shifts to the Commissioner to show what gainful work activities are within the claimant's capabilities. Parra, 481 F.3d at 746. The claimant is entitled to disability benefits only if he is unable to perform other work. 20 C.F.R. §§ 404.1520(f), 416.920(f).

## STANDARD OF REVIEW

The court must affirm a denial of benefits if the denial is supported by substantial evidence and is based on correct legal standards. Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" and is more than a "mere scintilla" of the evidence but less than a preponderance. Id. (internal quotation omitted). The court must uphold the ALJ's findings if they "are supported by inferences reasonably drawn from the record[,]" even if the evidence is susceptible to multiple rational interpretations. Id.

## BACKGROUND

Shaner filed an application for DIB on November 16, 2005. The application was denied initially and on reconsideration. After a timely request for a hearing, Shaner, represented by counsel, appeared and testified before an Administrative Law Judge ("ALJ") on January 9, 2008.

On March 14, 2008, the ALJ issued a decision finding Shaner was not disabled within the meaning of the Act and therefore not entitled to benefits.  This decision became the final decision of the Commissioner when the Appeals Council declined to review the decision of the ALJ on November 17, 2008.

Shaner filed an action in federal court seeking review of the administrative action.  On February 7, 2011, United States District Judge Ancer Haggerty adopted United States Magistrate Judge John Acosta's Findings and Recommendations, reversed the ALJ's decision and remanded the case for further administrative proceedings.  A second ALJ held hearings on remand on December 6, 2011 and June 6, 2012.  On July 20, 2012, the ALJ issued a decision finding that Shaner was not disabled within the meaning of the Act and therefore not entitled to benefits.  This decision became the final decision of the Commissioner when the Appeals Council did not review the decision on its own motion.  Shaner seeks judicial review of the ALJ's July 20, 2012 decision.

## THE ALJ'S DECISION

The ALJ found Shaner had severe impairments of a history of knee injury (September 2000), status post two arthroscopic procedures (March 2001 and January 2002) for chondroplasty, with a bone scan in July 2007 showing minimal arthritic activity.  The ALJ also found that these impairments were not severe enough to meet or medically equal the requirements of any of the impairments listed in 20 C.F.R. § 404, Subpart P, Appendix 1.  The ALJ found Shaner had the residual functional capacity to perform a limited range of light work; could lift 20 pounds occasionally and ten pounds frequently; could sit for at least six hours in an eight-hour workday with normal breaks; could stand or walk for 30 to 60 minutes at a time each for a total of two hours during an eight-hour workday with normal breaks; must be allowed to move around or sit as

needed; may need to use a cane; could climb ramps and stairs occasionally; must avoid twisting, stooping, and climbing of ladders and scaffolds; and must avoid unprotected heights and balance hazards. Based on vocational expert testimony, the ALJ found Shaner could perform his past work as an order taker and thus was not disabled under the Act.

## FACTS

Shaner alleges he became disabled on August 30, 2004, when he was 40 years old.[1] He is a high school graduate and has taken some college coursework. Shaner has worked as an order taker in a call center, a carpenter, a delivery driver, and a veneer dryer feeder.

In 2000, Shaner fell six feet from scaffolding while at work and suffered a blow to the head and contusions on his right shoulder, right knee, and hands. The knee continued to cause pain, and Shaner had arthroscopic surgeries in 2001 and 2002. Shaner returned to work in 2003 and 2004 but returned to the doctor for knee pain in 2005 after falling at home. Since then, Shaner has been treated with a series of cortisone shots and viscosupplementation (injections of hyaluronic acid into the knee joint's synovial fluid). He takes only over-the-counter medication for pain because he is afraid of becoming addicted to narcotics and has a history of kidney problems. Four or five days a month, the pain causes Shaner to spend the day sitting in a reclined position with his knee elevated, icing it. On the better days, Shaner does not have to ice the knee but still reclines or extends his leg several times a day, for a total of four hours during an eight-hour period. Sitting normally for long periods causes his knee to stiffen and cramp up.

---

[1] During the administrative proceedings, Shaner amended his alleged onset date to February 14, 2006. Tr. 162.

Page 6 - OPINION AND ORDER

Shaner lives with his wife and three teenage children. He helps with some of the household chores–like laundry, cooking, dishes, shopping, and helping the kids–but has to break the chores into short tasks because of the pain and weakness of his knee.

## DISCUSSION

The Commissioner concedes the ALJ made some errors, and he asks me to remand the case for further administrative proceedings, included but not limited to: (1) further evaluate Shaner's residual functional capacity, specifically further evaluating limitations identified in the opinions of Dr. Christopher Walton and Dr. Larry Maukonen; (2) further evaluate Shaner's subjective complaints and provide a rationale for the evaluation of symptoms; and (3) further evaluate whether Shaner meets or equals a listed impairment pursuant to the 2011 remand order of this court.

Although the Commissioner's suggested remand order addresses all errors Shaner contends the ALJ committed, Shaner asks me to remand the case for immediate payment of benefits. Shaner argues that if I credit his testimony and the opinions of Dr. Walton and Dr. Maukonen, I would have to find him disabled and there is no need for further proceedings.

The court has the discretion to remand the case for additional evidence and findings or to award benefits. <u>McCartey v. Massanari</u>, 298 F.3d 1072, 1076-77 (9th Cir. 2002). The court should credit evidence and immediately award benefits if the ALJ failed to provide legally sufficient reasons for rejecting the evidence, there are no issues to be resolved before a determination of disability can be made, and it is clear from the record the ALJ would be required to find the claimant disabled if the evidence is credited. <u>Id.</u> If this test is satisfied, remand for

payment of benefits is warranted regardless of whether the ALJ might have articulated a justification for rejecting the evidence. Harman v. Apfel, 211 F.3d 1172, 1178-79 (9th Cir. 2000).

The "crediting as true" doctrine resulting in an award of benefits is not mandatory in the Ninth Circuit, however. Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003); Vasquez v. Astrue, 572 F.3d 586, 593 (9th Cir. 2009) (recognizing split within the circuit on whether the rule is mandatory or discretionary but not resolving the conflict). The court has the flexibility to remand to allow the ALJ to make further determinations, including reconsidering the credibility of the claimant. Connett, 340 F.3d at 876. On the other hand, "in the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy, even though the vocational expert did not address the precise work limitations established by the improperly discredited testimony, remand for an immediate award of benefits is appropriate." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004).

Dr. Walton, Shaner's treating orthopedist, stated in numerous places in his treatment notes that Shaner was released for sedentary work. On January 29, 2008, Dr. Walton responded to a written questionnaire propounded by Shaner's counsel as follows: (1) Shaner meets the criteria in Listing 1.02A or 1.03; (2) considering the severity of Shaner's condition, regardless of his activity level, it would be expected that he would have to recline and elevate his knee four out of eight hours; and (3) "I have no comment about the absences of two days or more a month because of this injury. I know many people who manage to make it to work. If the job were set up so that he could rest effectively, I don't know that he would need to miss any work." Tr. 213.

These statements appear to be inconsistent, and require further inquiry to determine exactly what Dr. Walton meant. Moreover, Shaner worked 20 months for the US Census in 2009 and

Page 8 - OPINION AND ORDER

2010 by working a split shift. This was not only after his amended alleged onset date of February 14, 2006, but also was well after Shaner's fall in February 2005 which he claims worsened his condition. In addition, his knee would be expected to progressively worsen over time because of increasing arthritis in the joint.

In short, I cannot say it is clear from the record that the ALJ would be required to find the claimant disabled if the evidence is credited. I am unhappy about the fact that this will be the second remand of Shaner's claim. I am also concerned about the difficulty of determining Shaner's residual functional capacity prior to his date last insured–December 31, 2007–at this late date, but I see no alternative.

## CONCLUSION

The decision of the Commissioner is reversed. This action is remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g) for rehearing to further develop the record as explained above. The administrative proceedings should include, but are not limited to: (1) further evaluate Shaner's residual functional capacity, specifically further evaluating limitations identified in the opinions of Dr. Christopher Walton and Dr. Larry Maukonen; (2) further evaluate Shaner's subjective complaints and provide a rationale for the evaluation of symptoms; and (3) further evaluate whether Shaner meets or equals a listed impairment pursuant to the 2011 remand order of this court. Judgment will be entered.

IT IS SO ORDERED.

Dated this      27th      day of January, 2014.

                                                   /s/ Garr M. King
                                                   Garr M. King
                                                   United States District Judge